# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DIZZY DOTTIE, LLC,** : | No. 3:10cv752 |
|     **Plaintiff** : | |
| : | (Judge Munley) |
| **v.** : | |
| **TOWNSHIP OF JACKSON;** : | |
| **MICHELLE ARNER; and** : | |
| **JOHN DOES 1-15,** : | |
|     **Defendants** : | |

## **MEMORANDUM**

Before the court is plaintiff's motion for injunctive relief (Doc. 22), which seeks an order preventing defendants from bringing suit in the Court of Common Pleas of Monroe County Pennsylvania.

**Background**

This case arises out of a land-use dispute between the plaintiff, which operates an eating and drinking establishment, "Thrills," located in Defendant Township of Jackson, Pennsylvania. Plaintiff filed an initial cause of action in this court on April 8, 2010. (Doc. 1). That cause of action alleged that Thrills offered its patrons "live entertainment in the form of non-obscene erotic dancing by costumed female dancers." (Id. at ¶ 1). Thrills had built an extension to its pre-existing stage meant to allow dancers better to interact and receive tips from customers. (Id. at ¶ 14). A dispute arose about whether Thrills required a permit for this extension, and

plaintiff complained that refusal to allow use of the stage undermined its business plan. (Id. at ¶¶ 16-21, 24).  Plaintiff's initial complaint sought an injunction permitting use of this stage.  (See Id.).  That complaint also represented that plaintiff sought to feature topless and/or nude dancing, but that a Township of Jackson ordinance may prohibit such use.  (Id. at ¶ 29-30).  Plaintiff alleged that such an ordinance would violate the First Amendment of the Constitution.  (Id. at ¶ 31).  The complaint sought a declaration from the court that the ordinance was unconstitutional and an injunction from the court preventing its enforcement.  The final cause of action in the complaint sought similar relief under the Pennsylvania Constitution.

Plaintiff also filed a motion for "temporary and preliminary restraints."  (Doc. 5).  This motion sought an order from the court directing defendants to allow plaintiff to use the extension to the stage it had constructed.  After receiving this motion, the court convened a telephone conference between the parties in an attempt to resolve the issue.  After discussing the situation, the parties agreed to allow plaintiff to use the stage extension pending state adjudication of plaintiff's application for a permit for that stage.  (See Stipulation (Doc. 10) at ¶¶ 1-5).  The parties also agreed to stay action on plaintiff's claims for relief pursuant to the federal and state constitutions, and to administratively close the case.  (Id. at ¶ 6).

Plaintiff interpreted this agreement to include a promise from the defendants to negotiate over the constitutional issues raised in the complaint.  (See "Certification of Counsel in Support of Motion on Short Notice" (Doc. 22) at ¶¶ 5-6).  According to the

plaintiff, defendants made no effort to negotiate such a settlement. Eventually, defendants informed plaintiff that no negotiations could occur until after a township meeting scheduled for May 13, 2010. (Id. at ¶ 6). Fearing that defendants would never negotiate, plaintiff wrote this court on May 6. (Id. at ¶ 7). Defendants did not respond, and on May 7 plaintiff began featuring topless dancers at Thrills. (Id.). Despite their position that such dancing violated the Township's zoning ordinance, defendants did not issue plaintiff a notice of a zoning violation. (Id.). Instead, the township decided at its May 13, 2010 meeting to initiate a state-court action against the plaintiff for violating zoning ordinances. (Id. at ¶¶ 7-9).

Plaintiff notified this court on May 14 that the Defendant Township had decided to initiate litigation and that issues raised in the plaintiff's initial complaint had not been resolved. (Id. at ¶ 9). The court directed plaintiff to contact opposing counsel and attempt to resolve those issues, and scheduled a telephone conference for the following Monday, May 17, 2010. (Id.). Defendants then filed an action in the Court of Common Pleas for Monroe County, Pennsylvania. (Id.). That state-court action seeks to enjoin operation of plaintiff's business, citing the zoning ordinance which is the subject of the instant action. (Id. at ¶ 10).

After hearing from counsel for each side during its May 17, 2010 telephonic conference, the court ordered the case reopened. (See Doc. ). The court also ordered the defendants to file an answer or other appropriate response to the complaint by May 21, 2010. (Id.). Before defendants could file this response,

3

plaintiff filed the instant motion, which seeks immediate relief. The court ordered the defendants to respond and scheduled a hearing. The court received the parties' briefs and held a hearing on the matter on May 18, 2010, bringing the case to its present posture.

**Jurisdiction**

Plaintiff brings its claim pursuant to 42 U.S.C. § 1983. The court therefore has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Discussion**

Plaintiff seeks an order from the court enjoining the Defendant Township from bringing suit in state court to enforce its zoning ordinance. Plaintiff argues that by filing action in state court the defendants have "creat[ed] a significant danger of inconsistent verdicts, not to mention irreparable violations of federal civil rights." (Memorandum of Law in Support of Motion on Short Notice (Doc. 22) at 14). Under those conditions, "principles of federalism and comity require the court in which the second suit is filed to give way to the first-filed suit." (Id.). In addition, the plaintiff contends that the state-court suit should be "dismissed because the Defendant Township seeks the enforcement of a flagrantly unconstitutional . . . interpretation of the zoning ordinance." Id. at 14-15. As grounds for this court to act to prevent the

4

second, state-court action from going forward, plaintiff cites to Younger v. Harris, 401 U.S. 37 (1971) and Bettencourt v. Board of Registration, 904 F.2d 772 (1st Cir. 1990).

The cases cited by the plaintiff do not provide this court with grounds to enjoin defendants from bringing action in state court, and plaintiff has not provided the court with any other argument to justify such extraordinary action. Those cases discuss the Supreme Court's abstention doctrine, which provides a basis for a federal court to decline to entertain a case when hearing that case would disrupt ongoing state-court proceedings. Younger establishes that "it has been perfectly natural for our cases to repeat time and again that the normal thing to do when federal courts are asked to enjoin proceedings in state courts is not to issue such injunctions." 401 U.S. at 37. The Third Circuit Court of Appeals has declared that "[a]bstention under Younger is appropriate only where (1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." Lui v. Comm'n on Adult Entm't Establishments, 369 F.3d 319, 326 (3d Cir. 2004). While the court is not certain that abstention should apply in these circumstances, if it did, the court would not act to prevent the state court action but would instead decline to exercise its own jurisdiction. Plaintiff appears to argue that this court should enforce the abstention doctrine against a state court. That is not a decision for this court to make, however. Plaintiff has therefore failed to articulate grounds

justifying action by this court.

The court recognizes that plaintiff also argues that the zoning ordinance at question is unconstitutional. At argument, however, plaintiff conceded that the state court is competent both to interpret the local zoning ordinance and to determine whether the ordinance complies with the federal and state constitutions. As such, plaintiff will be afforded an opportunity to vindicate its rights and advance its interpretation of the Constitution, and thus will suffer no prejudice. The court will therefore deny the plaintiff's motion.

**Conclusion**

For the reasons stated above, the court will deny the plaintiff's motion for injunctive relief. An appropriate order follows.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DIZZY DOTTIE, LLC,** | : | No. 3:10cv752 |
| **Plaintiff** | : | |
| | : | (Judge Munley) |
| **v.** | : | |
| **TOWNSHIP OF JACKSON;** | : | |
| **MICHELLE ARNER; and** | : | |
| **JOHN DOES 1-15,** | : | |
| **Defendants** | : | |

## ORDER

**AND NOW,** to wit, this 19th day of May 2010, the plaintiff's motion for injunctive relief (Doc. 22) is hereby **DENIED**.

BY THE COURT:

s/ James M. Munley
**JUDGE JAMES M. MUNLEY**
**UNITED STATES DISTRICT COURT**