# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIZZY DOTTIE, LLC, | : | No. 3:10cv752 |
|     **Plaintiff** | : | |
| | : | (Judge Munley) |
|     v. | : | |
| TOWNSHIP OF JACKSON; | : | |
| MICHELLE ARNER; and | : | |
| JOHN DOES 1-15, | : | |
|     **Defendants** | : | |

::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::::

## MEMORANDUM

Before the court is defendants' motion to dismiss the instant complaint. Having been fully briefed, the matter is ripe for disposition.

**Background**

This case arises out of a land-use dispute between defendants and the plaintiff, which operates an eating and drinking establishment, "Thrills," located in Defendant Township of Jackson, Pennsylvania. Plaintiff filed an initial cause of action in this court on April 8, 2010. (Doc. 1). That cause of action alleged that Thrills offered its patrons "live entertainment in the form of non-obscene erotic dancing by costumed female dancers." (Id. at ¶ 1). Thrills had built an extension to its pre-existing stage meant to allow dancers better to interact and receive tips from customers. (Id. at ¶ 14). A dispute arose about whether Thrills required a permit for this extension, and plaintiff complained that refusal to allow use of the stage

undermined its business plan.  (Id. at ¶¶ 16-21, 24).  Plaintiff's complaint sought an injunction permitting use of this stage.  (See Id.).  Plaintiff also alleged that Thrills sought to feature topless and/or nude dancing, but that a Township of Jackson ordinance may prohibit such use.  (Id. at ¶ 29-30).  Plaintiff alleged that such an ordinance would violate the First Amendment of the Constitution.  (Id. at ¶ 31).  Two counts of the complaint sought a declaration from the court that the ordinance was unconstitutional under both federal and Pennsylvania law and an injunction from the court preventing its enforcement.  The final cause of action in the complaint sought similar relief under the Pennsylvania Constitution.

Plaintiff also filed a motion for "temporary and preliminary restraints."  (Doc. 5). This motion sought an order from the court directing defendants to allow plaintiff to use the extension to the stage it had constructed.  After receiving this motion, the court convened a telephone conference between the parties in an attempt to resolve the issue.  After discussing the situation, the parties agreed to allow plaintiff to use the stage extension pending state adjudication of plaintiff's application for a permit for that stage.  (See Stipulation (Doc. 10) at ¶¶ 1-5).  The parties also agreed to stay action on plaintiff's claims for relief pursuant to the federal and state constitutions, and to administratively close the case.  (Id. at ¶ 6).

Plaintiff interpreted this agreement to include a promise from the defendants to negotiate over the constitutional issues raised in the complaint.  (See "Certification of Counsel in Support of Motion on Short Notice" (Doc. 22) at ¶¶ 5-6).  According to the

2

plaintiff, defendants made no effort to negotiate such a settlement. Eventually, defendants informed plaintiff that no negotiations could occur until after a township meeting scheduled for May 13, 2010. (Id. at ¶ 6). Fearing that defendants would never negotiate, plaintiff wrote to this court on May 6. (Id. at ¶ 7). Defendants did not respond, and on May 7 plaintiff began featuring topless dancers at Thrills. (Id.). Despite their position that such dancing violated the Township's zoning ordinance, defendants did not issue plaintiff a notice of a zoning violation. (Id.). Instead, the township decided at its May 13, 2010 meeting to initiate a state-court action against the plaintiff for violating zoning ordinances. (Id. at ¶¶ 7-9).

Plaintiff notified this court on May 14 that the Defendant Township had decided to initiate litigation and that issues raised in the plaintiff's initial complaint had not been resolved. (Id. at ¶ 9). The court directed plaintiff to contact opposing counsel and attempt to resolve those issues, and scheduled a telephone conference for the following Monday, May 17, 2010. (Id.). Defendants then filed an action in the Court of Common Pleas for Monroe County, Pennsylvania. (Id.). That state-court action sought to enjoin operation of plaintiff's business, citing the zoning ordinance which is the subject of the instant action. (Id. at ¶ 10).

After hearing from counsel for each side during its May 17, 2010 telephonic conference, the court ordered the case reopened. (See Doc. 20). The court also ordered the defendants to file an answer or other appropriate response to the complaint by May 21, 2010. (Id.). On May 24, 2010, defendants filed a motion to

3

dismiss (Doc. 34), arguing that abstention and estoppel doctrines should prevent the court from hearing this case. Even if the court were to consider the case, defendants contended, plaintiff could not make out a case that the ordinances violated its constitutional rights. The parties then briefed the issues. Before the court could issue any opinion on this matter, The Hon. Ronald E. Vican, Judge in the Court of Common Pleas for Monroe County, Pennsylvania, issued an opinion granting Jackson Township's motion for a preliminary injunction prohibiting topless or nude dancing at thrills. (See Exh. 4 of Appendix to Defendants' Reply Brief (Doc. 35)). On October 19, 2010, Judge Vican issued a permanent injunction that prevents Dizzy Dottie "from occupying or using the commercially zoned premises located at Route 715 and Doll Road as an adult cabaret" for up to one year. (Exh. 5 to Supplemental Appendix of Exhibits (Doc. 48) (hereinafter "Permanent Injunction Opinion") at 21).

**Jurisdiction**

Plaintiff brings its claim pursuant to 42 U.S.C. § 1983. The court therefore has jurisdiction pursuant to 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). The court has supplemental jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

**Legal Standard**

Defendants have filed a motion to dismiss plaintiff's complaint pursuant to

4

Federal Rule of Civil Procedure 12(b)(6). When a defendant files a motion pursuant to Rule 12(b)(6), all well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether "under any reasonable reading of the pleadings, the plaintiff may be entitled to relief." Colburn v. Upper Darby Township, 838 F.2d 663, 665-66 (3d Cir. 1988) (citing Estate of Bailey by Oare v. County of York, 768 F.3d 503, 506 (3d Cir. 1985), (quoting Helstoski v. Goldstein, 552 F.2d 564, 565 (3d Cir. 1977) (per curiam)). The court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay-Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

**Discussion**

Defendants raise several grounds for granting their motion to dismiss. The court will address those grounds, as appropriate.

### **Rooker-Feldman Doctrine**

Defendants contend that the Rooker-Feldman doctrine prevents this court form hearing the case. That doctrine precludes lower federal courts from reviewing the final decisions of state courts, and a federal district court may not "[exercise]

jurisdiction over cases brought by 'state-court losers' challenging 'state-court judgments rendered before the district court proceedings commenced.'" Lance v. Dennis, 546 U.S. 459, 460 (2006) (quoting Exxon Mobil Corp. v. Saudi Basic Industries Corp., 544 U.S. 280, 284 (2005)). "'[L]ower federal courts possess no power whatever to sit in direct review of state court decisions.' If the constitutional claims presented to a United States district court are inextricably intertwined with the state court's" decision "then the district court is in essence being called upon to review the state-court decision. This the district court may not do." D.C. Court of Appeals v. Feldman, 460 U.S. 462, 482 n.16 (1983) (quoting Atlantic Coast Line R. Co. v. Locomotive Engineers, 398 U.S. 281, 296 (1970)). "[A] federal claim is 'inextricably intertwined' with an issue adjudicated by a state court when (1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take an action that would negate the state court's judgment." Madera v. Ameriquest Mortg. Cor., 586 F.3d 228, 232 (3d Cir. 2009).

The court finds that Rooker-Feldman does not apply to this case. The Third Circuit Court of Appeals recently noted that "there are four requirements that must be met for the Rooker-Feldman doctrine to apply: (1) the federal plaintiff lost in state court; (2) the plaintiff 'complains of injuries caused by [the] state-court judgments'; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." Great

6

Western Mining & Mineral Co. v. Fox Rothschild LLP, 615 F.3d 150, 166 (3d Cir. 2010) (quoting Exxon Mobil, 544 U.S. at 284). The Court emphasized that in cases, like this one, where "'properly invoked concurrent jurisdiction'" exists, "'Rooker-Feldman is not triggered simply by the entry of judgment in state court.'" Great Western, 615 F.3d at 166 (quoting Exxon Mobil, 544 U.S. at 284). Since plaintiff filed suit in federal court before the defendants filed their action in state court, the requirements for applying Rooker-Feldman do not exist, and the court cannot apply the doctrine to preclude consideration of plaintiff's claims.

At the same time, however, courts have emphasized that other preclusion doctrines apply in circumstances where Rooker-Feldman does not. Here, the state-court litigation has terminated in the favor of the defendants. As the Supreme Court has noted, "[d]isposition of the federal action, once the state-court adjudication is complete, would be governed by preclusion law." Exxon Mobil, 544 U.S. at 293. "The Full Faith and Credit Act, 28 U.S.C. § 1738, . . . requires the court to 'give the same preclusive effect to a state-court judgment as another court of that State would give." Id. Two possible preclusion doctrines apply in Pennsylvania: *res judicata* and collateral estoppel or issue preclusion. In Pennsylvania, such preclusion doctrines "'[foreclose] re-litigation in a later action of an issue of fact or law which was actually litigated and which was necessary to the original judgment.'" Dici v. Pennsylvania, 91 F.3d 542, 548 (3d Cir. 1996) (quoting Hebden v. Workmen's Compensation Appeal Bd., 632 A.2d 1302, 1304 (Pa. 1993)). *Res judicata* applies when four

7

elements exist: "(1) identity of the thing sued for; (2) identity of the cause of action; (3) identity of the persons and parties to the action; (4) identity of the quality of the persons for or against whom the claim is made." Pittsburgh v. Zoning Bd. of Adjustment, 559 A.2d 896, 901 (Pa. 1989). "Collateral estoppel applies if (1) the issue decided in the prior case is identical to one presented in the later case; (2) there was a final judgment on the merits; (3) the party against whom the plea is asserted was a party or in privity in the prior case; (4) the party or person in privity to the party against whom the doctrine is asserted had a full and fair opportunity to litigate the issue in the prior proceeding and (5) the determination in the prior proceeding was essential to the judgment." Id.

Here, the parties have settled the first of plaintiff's claims regarding use of an extension of the dance floor. Plaintiff's remaining claims are related to the township's attempts to prohibit the dancing performed at Thrills; plaintiff contends that the township discriminates against Thrills through its zoning ordinance and that the ordinance violates the First Amendment and the Pennsylvania Constitution.

Judge Vican's opinion in the Court of Common Pleas granting the Township's motion for a permanent injunction addressed several claims made by the plaintiff. First, the court considered whether Thrills was operating as an "adult cabaret" in an area zoned to prohibit such activity. The court considered and rejected arguments by the plaintiff here that the sort of nude or semi-nude dancing performed at the club did not constitute the sort of behavior prohibited by the ordinance. These arguments

8

focused on a claim by Thrills that the language of the ordinance did not prohibit the sort of dancing and behavior practiced at the club. The court was unpersuaded by these arguments and concluded that the entertainment provided at Thrills constituted "sexually explicit nudity" and thus was prohibited by the ordinance. Because of this finding, the court permanently enjoined such activity at the club. (Permanent Injunction Opinion at 7-8).

After finding an injunction proper on the basis of violations of the ordinance, the court next considered plaintiff's claims that the ordinance violated the First Amendment of the United States Constitution as an improper time, place and manner restriction on nude dancing. Following the analysis prescribed by the United States Supreme Court in City of Renton v. Playtime Theatres, Inc., 475 U.S. 41 (1986), the court concluded the ordinance did not violate the First Amendment. The ordinance, Judge Vican found, was "primarily motivated by concerns unrelated to the content of the expressive conduct." (Permanent Injunction Opinion at 11). The Township had "provided reasonable alternative avenues of communication in the industrial zoning district as required by the First Amendment," and these avenues were sufficient in number to satisfy constitutional requirements. (Id. at 11-12). The court also rejected plaintiff's argument that a lack of available financing meant that Thrills could not build a separate club within the industrial zone, concluding that the First Amendment did not require that plaintiff be able to build in the prescribed area, just that the opportunity to build existed. (Id. at 12). The court likewise rejected

9

arguments about the difficulties of meeting zoning requirements on available land, and noted that plaintiff had never made an application for a license or used Township procedures to challenge the zoning ordinances. (Id. at 12-13, 16).

Plaintiff's brief in opposition to defendants's motion to dismiss in this matter begins by arguing that common dictionary definitions of the terms in the ordinance indicate that none of the activity that occurred at Thrills actually violated the ordinance. (See Brief in Opposition (Doc. 38) (hereinafter "Plaintiff's Brief") at 4). "No evidence" exists, plaintiff claims, to demonstrate that the dancing at Thrills "is either 'nude' or 'sexually explicit'" and therefore in violation of the ordinance. (Id. at 5). Likewise, plaintiff argues that the club does not "feature" adult dancing by focusing on the dictionary definition of the term "feature." (Id. at 9). Beyond these complaints with the wording of the ordinance itself, plaintiff also argues that the ordinance should not be enforced because it allows zoning officers to use unchecked discretion in finding violations, is unconstitutionally vague, facially overbroad, and represents an unreasonable time, manner and place restriction of speech under Supreme Court precedent. Plaintiff thus makes arguments here that are identical to those addressed by the state court in rejecting plaintiff's constitutional and statutory claims.

The court finds that collateral estoppel applies to prevent this court from hearing plaintiff's claims that the ordinance is unconstitutional and in violation of the First Amendment. All of the elements of the doctrine apply here. As to the first

10

element, the issue before the Court of Common Pleas was the constitutionality of the ordinances, and that is the issue raised by the plaintiff here. Second, Judge Vican offered a learned and reasoned explanation for why he rejected plaintiff's claims, and thus he offered a final judgment on the merits of plaintiff's constitutional claims.[1] In reference to the third and fourth elements, the parties in this case are the same parties as argued the case in the Court of Common Pleas, and plaintiff had a full and fair opportunity to raise all of his claims. If plaintiff in this case had convinced Judge Vican that the ordinance was unconstitutional and could not be enforced, Judge Vican would not have issued the injunction. As such, his determination that the ordinance was constitutional was essential to the proceeding. The doctrine of collateral estoppel thus applies to this case, and the court is precluded from considering plaintiff's constitutional claims. To do so would be to put the court in the position of reviewing the decisions of a coordinate state court. Plaintiff's remedy lies in the appeal it has filed in the Commonwealth Court of Pennsylvania.[2] The court

---

[1] In a letter to the Court, plaintiff argues that "[t]his is not a case in which Plaintiff's First Amendment constitutional issues were considered and rejected by the Court of Common Pleas. Instead, most constitutional claims were simply ignored. Maybe the Commonwealth Court will step up, but dismissal at the present time would be premature." (Doc. 51). The court disagrees with the assessment of Judge Vican's decision; that decision addressed precisely the constitutional claims that plaintiff makes here. Plaintiff's disagreement with Judge Vican's conclusions does not mean that the Court of Common Pleas did not address the First Amendment claims. Likewise, plaintiff's contention that the state-court tribunal was not "impartial" is one that can be addressed by the Commonwealth Court, and is not grounds for this court to review the state-court decision.

[2] In response to defendants' motion to dismiss plaintiff argues that the state court suit does not address one of its claims, the idea of whether "sexually implicit stage dancing is regulated, or may constitutionally be regulated, by the subject ordinance." (Brief at 21).

11

will therefore grant the defendants's motion to dismiss the plaintiff's remaining constitutional claims against the township.³

**Defendant Arner**

Defendants also argue that the case against Defendant Michelle Arner should be dismissed. They contend that plaintiff has not alleged any actions by Arner which would expose her to liability. Arner did not participate in the drafting of the ordinances about which plaintiff complains, and the complaint does not allege that she applied the offensive provisions against the plaintiff. Moreover, defendants contend that to the extent that Arner is sued in her official capacity, the action against her is the equivalent of the action against the township and should be dismissed. Plaintiff responds by stated that Arner "was sued in her official capacity for her actions as a public official." (Plaintiff's Brief at 20).

The court agrees that claims against Arner in her official capacity are the

---

The court finds that Judge Vican's opinion did address this claim, as the subject of that claim is that some nude dancing may not be sexually explicit under the subject ordinance, and thus not regulated. Plaintiff made this argument in state court, and the court addressed it. Plaintiff's remedy under those circumstances is its state-court appeal.

³To the extent that plaintiff raises a free-standing claim pursuant to the Pennsylvania Constitution, the court believes that such issue was addressed by Judge Vican's comprehensive decision. In any case, the court declines to exercise jurisdiction to hear a state-law claim when no federal claims remain in the case. See Borough of West Mifflin v. Lancaster, 45 F.3d 780, 788 (3d Cir. 1995) (holding that "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so."). Plaintiff has appealed Judge Vican's rulings and thus addressing any claim in this court would undermine judicial efficiency.

same as claims against the township itself, and that such "official capacity" claims should be dismissed. See, e.g., Hafer v. Melo, 502 U.S. 21, 25 (1991) (holding that "[s]uits against state officials in their official capacity . . . should be treated as suits against the State."). Since plaintiff insists that it has sued Arner in her official capacity, the court will dismiss the claims against her. In any case, if Arner were sued in her individual capacity, the court would still dismiss the case against her. Arner could be liable only if she took actions that violated plaintiff's constitutional rights. The only action about which plaintiff complains in the remaining portions of the lawsuit is the enforcement of an allegedly unconstitutional ordinance. Since, as explained above, the court is bound to accept the interpretation of the Court of Common Pleas that the ordinance in question comports with the United States Constitution, the court finds that plaintiff cannot prevail on his claims against Arner, and will grant the motion to dismiss on this point as well.

**Conclusion**

For the reasons stated above, the court will grant the defendants' motion to dismiss and close the case. An appropriate order follows.[4]

---

[4]In documents filed with the court, plaintiff implores the court to dismiss the claim without prejudice to its appeal in the state-court system. (See Doc. 51). The court agrees that this opinion should have no preclusive effect on plaintiff's state appeal, but that question must be addressed by the appropriate bodies on appeal.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DIZZY DOTTIE, LLC, | : | No. 3:10cv752 |
| Plaintiff | : | |
| | : | (Judge Munley) |
| v. | : | |
| TOWNSHIP OF JACKSON; MICHELLE ARNER; and JOHN DOES 1-15, | : | |
| Defendants | : | |

## ORDER

**AND NOW,** to wit, this 22nd day of November 2010, the defendants' motion to dismiss the complaint (Doc. 34) is hereby **GRANTED**. The Clerk of Court is directed to **CLOSE** the case.

BY THE COURT:

s/ James M. Munley
JUDGE JAMES M. MUNLEY
UNITED STATES DISTRICT COURT